UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DENNIS SHAFFER, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 4:14-CV-965 (CEJ) |
| REES MASILIONIS TURLEY ARCHITECTURE, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiff's claim for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), or to transfer venue to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1404(a). Plaintiff has responded in opposition, and the issues are fully briefed.

### I. Background

Plaintiff filed this action against his former employer, defendant Rees Masilionis Turley Architecture, LLC, in the Circuit Court of St. Louis County, Missouri. Plaintiff alleges that defendant failed to provide proper compensation for overtime work that he performed, in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq*. Defendant removed the, invoking federal question jurisdiction.

### II. Improper Venue

Defendant moves to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). Both parties assume that the general federal venue statute, 28 U.S.C. § 1391(b), applies to this case. It does not. "When, as here, a case has been removed, venue is governed by 28 U.S.C. § 1441(a)." High Plains Const., Inc. v. Gay, 831

F.Supp.2d 1089, 1098 (S.D. Iowa 2011) (citing St. Clair v. Spigarelli, 348 Fed. Appx. 190, 191 (8th Cir. 2009)); see also Express Scripts, Inc. v. Jefferson Health Sys., Inc., No. 4:13-CV-379 (AGF), 2014 WL 793773, at *2 (E.D. Mo. Feb. 27, 2014) ("Defendants' reliance on § 1391(b), the general venue statute, is misplaced because in removed actions like this once, § 1441(a), rather than § 1391(b), sets forth the proper venue for filing of a petition for removal."). Section 1441(a) provides that venue is proper for a removed action in "the district court of the United States for the district and division embracing the place where such action is pending."

This case was removed from Circuit Court of St. Louis County, Missouri, and accordingly venue is proper in this Court. The fact that venue may have been improper in the state court prior to removal is of no import. Hollis v. Florida State University, 259 F.3d 1295, 1300 (11th Cir. 2001) ("…§1441(a) establishes federal venue in the district where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed."); see also 28 U.S.C. § 1441(f) (abrogating the theory of derivative jurisdiction, and stating "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.").

Because venue is proper under 28 U.S.C. § 1441, defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(3) will be denied.

### III. Motion to Transfer Venue

Defendant also moves to transfer this action to the Western District of Missouri pursuant to 28 U.S.C. § 1404(a). That section provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a). Removal does not foreclose defendant's request to transfer venue under § 1404(a). See Hollis, 259 F.3d at 1300.

When considering a motion to transfer, a district court "must evaluate both the convenience of the parties and various public-interest considerations." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, 134 S.Ct. 568, 581 (2013).

> Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. The Court must also give some weight to the Plaintiffs' choice of forum.

Id. at 581, n. 6 (internal citations and quotations omitted).

In this case, the defendant is incorporated in Missouri, and maintains its principal place of business and sole office in Kansas City, Missouri. Accordingly, defendant "resides" within the Western District of Missouri, and venue would have been proper had this action been filed in there. See 28 U.S.C. § 1391(b)(1); § 1391(c)(2). Further, the majority of factors to be considered in determining the motion weigh strongly in favor of transfer the Western District. Plaintiff is a resident of Kansas. Defendant is a resident of the Western District of Missouri. The events giving rise to this case - plaintiff's employment with defendant and the alleged violations of federal and state law - occurred in the Kansas City area. Plaintiff argues that his choice of forum should weigh heavily in the Court's calculus. However, "[t]he plaintiff's choice of forum is granted less deference" when, as is the case here, "it is not the plaintiff's

residence, if the defendant has little contact with the forum, or the operative events took place in another forum." Moreover, plaintiff's argument that this forum is more convenient for his counsel, located in St. Louis, is simply inapposite, because, "despite the deference [typically] accorded to plaintiff's choice of forum, the convenience of plaintiff's counsel is not a factor to be considered." Express Scripts, 2014 WL 793773, at *3 (internal citations omitted).

The Court concludes that defendant has satisfied its burden to show that the balance of factors favors transferring venue to the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #9] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion to transfer venue [Doc. #9] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Missouri.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2014.